UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DANIEL RAMIREZ GARCIA, A-212-949-527,<br><br>              Petitioner,<br><br>       v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>              Respondents. | No.  1:26-cv-02274 DC AC<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE").  ECF No. 1.  He claims his prolonged detention without a bond hearing violates his procedural due process rights under the Fifth Amendment.  Because petitioner's detention pursuant to 8 U.S.C. § 1226(c)(1)(E) for approximately eighteen months without a bond hearing is no longer within the brief, constitutionally permissible period contemplated by the U.S. Supreme Court in Demore v. Kim, 538 U.S. 510 (2003), the undersigned recommends the petition be GRANTED and respondents be directed to provide petitioner a bond hearing before an immigration judge.

I.      Factual Background

     Petitioner is a native and citizen of El Salvador.  ECF No. 8, Ex. 1.  He crossed the United

1

States-Mexico border as an unaccompanied minor in Texas with his younger sister on January 20, 2017, when petitioner was fourteen years of age. ECF No. 11-1 at 2. After crossing the border and encountering immigration officials, petitioner and his sister were detained for approximately one month before being released from immigration detention on February 20, 2017 to the custody of their mother residing within the interior of the United States. Id. Petitioner has resided within the United States since that time.

According to records provided by respondent, petitioner has several prior criminal convictions, including second degree burglary and possession of a stolen vehicle in December 2022, and two convictions for possession of a firearm by a prior felon in January and April 2024. ECF No. 8 at 1-2; ECF No. 8, Ex. 1, ECF No. 8, Exs. 2-3.[1] While petitioner was in custody in the Pleasant Valley State Prison on his state charges, ICE officers served an administrative warrant based on charges pursuant to INA § 212(6)(A)(i) of being an alien present in the United States without being admitted or paroled. ECF No. 8, Ex. 1 at 14-17. ICE took petitioner into custody on December 10, 2024 without providing petitioner notice or a pre-detention hearing by a neutral decision-maker. ECF No. 8, Ex. 1.

Petitioner requested a custody redetermination before an immigration judge, but at petitioner's "In Custody Redetermination Proceeding" on August 27, 2025, the judge found that she lacked jurisdiction to conduct a bond hearing because petitioner was subject to mandatory detention. Id., Ex. 4. While petitioner has been detained, his immigration case has continued in immigration court. On November 26, 2025, a removal order was issued. ECF No. 8, Ex. 5. Petitioner's appeal to the Board of Immigration Appeals is pending. Id., Ex. 6.

It is undisputed that petitioner's prior convictions for burglary and possession of a stolen vehicle subjected him to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E)(ii), which applies to an alien who is inadmissible and "convicted of . . . the essential elements of any burglary, theft, larceny, [or] shoplifting" offense. ECF No. 1 at 5; ECF No. 8 at 2. Petitioner has

---

[1] Petitioner was sentenced to sixty-five days in jail for his second degree burglary conviction, sixty-six days in jail for taking a vehicle without consent, and one year and four months in prison for each firearm conviction. ECF No. 8, Ex. 1 at 12.

remained in ICE custody without a bond hearing since December 10, 2024 – over eighteen months – and he is currently detained at the California City Detention Center.  ECF No. 11-1 at 2.

II.    Procedural History

Proceeding pro se, petitioner filed a petition for writ of habeas corpus in March 2026. ECF No. 1.  He argues that, absent intervention from the court, he will not be provided with a bond hearing to assess the propriety of his continued detention because there is no statutory or regulatory pathway for petitioner to seek a bond hearing pursuant to 8 U.S.C. § 1226(c).  ECF No. 1 at 5.  As his eighteen-month detention far exceeds the six-month benchmark identified by the Supreme Court as indicative of prolonged detention that should entitle a noncitizen to an individualized bond hearing in Zadvydas, 533 U.S. at 701, petitioner asks the court to grant his request for habeas relief.  Id. at 8.  Finally, petitioner contends that even under the balancing test for procedural due process set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976), each factor weighs in his favor and the court should find him entitled to a bond hearing.  Id. at 10-11. The undersigned directed respondents to file an opposition.  ECF No. 6.

Respondents opposed petitioner's request for habeas relief, arguing that petitioner is subject to mandatory detention based upon his past criminal convictions pursuant to 8 U.S.C. § 1226(c) and therefore ineligible for a bond hearing.  ECF No. 8 at 2-5.  Respondents argue that the due process concerns of indefinite detention do not apply under 8 U.S.C. § 1226(c) because the conclusion of the removal proceedings will provide a "definite termination point."  Id. at 3. Furthermore, respondents contend that there is no bright-line rule that detention beyond six months is constitutionally impermissible, and petitioner *was* provided a bond hearing at which the immigration judge simply determined she lacked jurisdiction.  Id. at 5.  Finally, respondents argue in the alternative that, in the event the habeas petition is granted, "the only appropriate relief should be a bond hearing, not release from detention" and that petitioner should bear the burden of proof.  Id. at 6-7.

Given the complexity of legal issues involved, the court granted petitioner's motion for appointment of counsel.  ECF No. 9.  With assistance of counsel, petitioner filed a reply brief on April 24, 2026, reiterating his claim that his detention since December 10, 2024 without any

opportunity for a neutral decisionmaker to review whether his continued detention was lawful violates his right to Due Process under the Fifth Amendment.  ECF No. 11 at 3.

III.    Legal Standard

A.  28 U.S.C. § 2241

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

B.  Due Process in Prolonged Immigration Detention

The Fifth Amendment's Due Process Clause provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings," Reno v. Flores, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," Zadvydas v. Davis, 533 U.S. 678, 690 (2001).  The Supreme Court nevertheless has recognized that "[d]etention during deportation proceedings is a constitutionally permissible part of [the deportation] process." Demore, 538 U.S. at 531; see also Carlson v. Landon, 342 U.S. 524, 538 (1952) ("[d]etention is necessarily a part of this deportation procedure").

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

The authority to detain certain noncitizens already in the country pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1226(a) and 1226(c). Here, it is undisputed that petitioner has been detained pursuant to 8 U.S.C. § 1226(c)(1)(E)(ii), which applies to an alien who

is inadmissible and "convicted of . . . the essential elements of any burglary, theft, larceny, [or] shoplifting" offense.

This Court has previously joined other district courts in concluding that the prolonged and indefinite detention of noncitizens pursuant to statutes mandating detention without a bond hearing can violate the Due Process Clause. See Yang v. Chestnut, No. 1:26-cv-01902-DJC-EFB, 2026 WL 915018 (E.D. Cal. April 3, 2026); Keo v. Chestnut, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); Mohammed v. Warden of Cal. City Det. Ctr., No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); K.C. v. Chestnut, No. 1:26-cv-00227-DJC-CSK, 2026 WL 412505 (E.D. Cal. Feb. 13, 2026); Abdul-Samed v. Warden of Golden State Annex Det. Facility, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process' ") (quoting Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court rejected a facial challenge to mandatory detention under 8 U.S.C. § 1226(c). The Supreme Court upheld its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id. at 526. The Supreme Court distinguished Zadvydas v. Davis, 533 U.S. 678 (2001) by emphasizing that mandatory detention under § 1226(c) has "a definite termination point" and "in the majority of cases it lasts for less than the 90 days . . . considered presumptively valid in Zadvydas." Id. at 529. However, Justice Kennedy specifically noted that "a lawful permanent resident alien such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring). Thus, while the Court in Demore did hold that § 1226(c) is facially constitutional, it did not hold, as respondents suggest, that detention under § 1226(c) cannot ever become unconstitutionally prolonged or subject to as-applied Fifth Amendment due process challenges. See, e.g., Singh v.

Albarran, No. 1:26-CV-00940-DC-DMC, 2026 WL 392169, *6 (E.D. Cal. February 12, 2026) (granting habeas relief and ordering a bond hearing for a petitioner detained for twelve months pursuant to section 1226(c)); Garcia v. Warden, No. 1:26-cv-01386-DC-AC, 2026 WL 981170, *6 (E.D. Cal. April 13, 2026) (granting habeas relief and ordering a bond hearing for petitioner detained for twelve months pursuant to section 1226(c)). Accordingly, the question before the court is whether petitioner's eighteen-month detention has become unconstitutionally prolonged.

The Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), but it has recognized that "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)" based on due process and noted that "[a]ccording to one such court order, the 'prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'" Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022) (citation omitted), vacated on other grounds, 144 S. Ct. 1339 (2024). Although the Ninth Circuit has not decided that question, it has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). This Court shares those doubts, and will therefore analyze whether a due process violation has resulted from the length of petitioner's detention without a bond hearing in this case.

IV.    Discussion

As discussed above, the Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary. See Zadvydas, 533 U.S. at 693. Because petitioner has a protected liberty interest, the court must determine the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. To make that determination, district courts within the Ninth Circuit (given the dearth of guidance on the issue) have applied various balancing tests. Here, the court finds the three-part test established in Mathews v. Eldridge, 424 U.S. 319 (1976) appropriate. See Rodriguez Diaz v. Garland, 53 F. 4th 1189, 1206–07 (9th Cir. 2022) (applying

6

the Mathews test to a procedural due process challenge to a detention under 8 U.S.C. § 1226, explaining that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context); Labrador-Prato v. Noem, No. 1:25-cv-01598-DC-SCR, 815 F.Supp.3d 1113, 1121 (E.D. Cal. December 2, 2025) (applying Mathews test to evaluate whether petitioner's prolonged detention violated due process under section 1226(c)). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Turning to the first Mathews factor, petitioner has a private interest in remaining free from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. Here, it is undisputed that petitioner was released by ICE as a child to live with his mother in the interior of the United States for approximately eight years before ICE re-detained him. Petitioner's private interest to remain free from detention weighs in favor of recognizing that some pre-detention process is constitutionally required.

The second Mathews factor, the risk of erroneous deprivation to petitioner and the probable value of any additional procedures, also weighs in petitioner's favor. See A.E. v. Andrews, No. 25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). As discussed above, petitioner has not been afforded any opportunity to contest the lawfulness of his detention, as the immigration judge at his In Custody Redetermination Proceeding on August 27, 2025 concluded that she lacked jurisdiction to conduct the bond hearing. ECF No. 8, Ex. 4. Because the government contends that petitioner is subject to mandatory detention, it appears undisputed that petitioner's only avenue for obtaining a hearing is through a habeas petition. Under such circumstances, the risk of erroneous deprivation of petitioner's liberty is high and "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." A.E., 2025 WL 1424382, at *5. A bond hearing before

7

an immigration judge would serve to mitigate the risk of erroneous deprivation because it would require the government to establish that petitioner presents a flight risk or danger to the community if released.  E.C. v. Noem, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025).

Turning to the third Mathews factor, the court acknowledges the government has an interest in the steady enforcement of its immigration laws as well as protecting the public from noncitizens who have been determined to be dangerous but also recognizes that the government's interest in detaining petitioner without any procedural protections is substantially "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Custody hearings in immigration court are routine and impose a "minimal" cost on the government. Doe, 787 F. Supp. 3d at 1094.  In addition, limiting detention to noncitizens who are shown to be dangerous or a flight risk serve the government's and the public's interest by limiting "the fiscal and administrative burdens attendant to immigration detention." E.C., 2025 WL 2916264, at *11; see also Hernandez v. Sessions, 872 F.3d 976, 996 (9th Cir. 2017) (noting the "staggering" costs to the public of immigration detention).

On balance, the court finds that the Mathews factors weigh in favor granting petitioner's requested relief with respect to his "as applied" due process claim.  Respondents argue that if the court orders a bond hearing, they should not be required to bear the burden of establishing that petitioner is a flight risk or a danger.  ECF No. 8 at 6-7.  However, the Ninth Circuit recently noted that it is the government that bears the burden of proof at a bond hearing where the petitioner is detained pursuant to § 1226(c).  Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024); see also Carballo v. Andrews, No. 1:25-cv-00978-KES-EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (ordering the government to provide a post-deprivation bond hearing to § 1226(c) detainee where the government bears the burden of proof); S.E. v. Noem, No. 1:26-CV-00356-DAD-SCR, 2026 WL 206085, at *4 (E.D. Cal. Jan. 27, 2026) (ordering government to provide a bond hearing to § 1226(c) detainee where the government bears the burden of proof).

////

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED;

2.  Respondents be ordered to provide petitioner with a constitutionally adequate bond hearing before an immigration judge within fourteen (14) days at which respondents must justify petitioner's continued detention by clear and convincing evidence. In the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond, the immigration judge should consider petitioner's financial circumstances and alternative conditions of release.

3.  The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See <u>United States v. Barney</u>, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); <u>see</u> <u>also</u> Local Rule 304(b).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE